```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

DAVID FAGEN                           :

                                                                    :

   v.                                 :   Civil Action No. DKC 22-2844

                                                                    :

ENVIVA INC., et al.                   :

                                                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this securities class action is a motion for appointment as lead plaintiff and approval of selection of counsel, filed by Dustin Fanucchi. (ECF No. 10). The court held a recorded telephone conference on January 31, 2023, to discuss the pending motion. For the following reasons, the motion will be granted.

On November 3, 2022, Plaintiff David Fagen filed a securities class action complaint on behalf of himself and others who purchased or otherwise acquired securities of Defendant Enviva Inc. between February 21, 2019, and October 11, 2022. This action is subject to the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4. Pursuant to PSLRA requirements, Plaintiff Fagen caused a notice to be published on November 3, 2022. *See* § 78u-4(a)(3)(A)(i). Accordingly, investors had 60 days to file a motion to be appointed as lead plaintiff. Only one

such motion was filed, by Dustin Fanucchi, on January 3, 2023.[1] No competing motions and no objections have been filed.

The PSLRA provides that district courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute provides three factors for a court to consider in making this determination: It creates a rebuttable presumption that the "most adequate plaintiff" is the person that

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§ 78u-4(a)(3)(B)(iii)(I). This presumption can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of inadequately representing the class." § 78u-4(a)(3)(B)(iii)(II).

---

[1] January 3, 2023, is 61 days after the notice was filed. However, January 2, 2023, was a federal holiday, so the 60-day period was extended until the end of the following day. *See* Fed.R.Civ.P. 6(a)(1)(C).

Although there is only one movant seeking lead plaintiff status here and no objections have been filed, the court must examine the record to determine whether he meets the requirements. *See Haung v. Acterna Corp.*, 220 F.R.D. 255, 257 (D.Md. 2004).

Mr. Fanucchi satisfies the first prong because he made a motion in response to the notice filed by Plaintiff Fagen, which satisfied the requirements of the PSLRA.[2]

As for the second prong, Mr. Fanucchi asserts that, "[t]o the best of his knowledge, [he] has the largest financial interest of any Enviva investor seeking to serve as Lead Plaintiff." (ECF No. 10-2 at 9). Mr. Fanucchi's total approximated loss of $721 is larger than Mr. Fagen's, which the court has calculated, based on the representations in the complaint, to be approximately $518. No other investors have identified their financial interest. While Mr. Fanucchi's approximated loss is relatively modest, as the only movant, "he necessarily has the largest financial interest." *See Bosch v. Credit Suisse Group AG*, No. 22-cv-2477, 2022 WL 4285377, at *3 (E.D.N.Y. Sept. 12, 2022); *see also Shah v. GenVec, Inc.*, No. 12-cv-0341-DKC, 2012 WL 1478792, at *2 (D.Md. Apr. 26, 2012) (noting that it is "not particularly difficult to show" that a

---

[2] The notice was filed in *PRNewswire* on November 3, 2022, and advised members of the purported plaintiff class of the pendency of the action, the claims asserted therein, the purported class period, and the deadline for filing a motion to serve as lead plaintiff. (ECF No. 10-5). *See* § 78u-4(a)(3)(A)(i).

moving plaintiff has the largest financial interest when no other financial interests have been identified).

The third prong requires an analysis of the requirements of Rule 23 of the Federal Rules of Civil Procedure. Courts have narrowed this inquiry for the purposes of the FSLRA to only the typicality and adequacy requirements under Rule 23(a). *See Klugmann v. Am. Cap. Ltd.*, No. 09-cv-5-PJM, 2009 WL 2499521, at *5 (D.Md. Aug. 13, 2009). The typicality requirement is met "when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory." *Id.* The adequacy requirement is met when "the purported class representative and its attorney are capable of pursuing the litigation and . . . neither has a conflict of interest with other class members." *Id.* (quoting *Johnson v. Pozen Inc.*, No. 1:07CV599, 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008)). This inquiry is "confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3ᵈ Cir. 2001); *see also Chamblee v. Terraform Power, Inc.*, No. 16-cv-981-PX, 2016 WL 4039178, at *2 (D.Md. July 28, 2016). Courts consider "the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *In re Cendant Corp. Litig.*, 264 F.3d at 264.

Mr. Fanucchi satisfies these requirements. His claims and the claims of the other class members are the same: He alleges, as do all class members, that Defendants made false or misleading statements and/or failed to disclose material facts in violation of the Exchange Act, he purchased securities of Defendant Enviva Inc. during the class period, and he claims to have sustained damages due to the drop in Enviva's share price upon the disclosure of those misrepresentations and/or omissions. (ECF Nos. 10-6, 10-7, 10-2 at 10). There has been no suggestion of conflict of interest with other class members.

Some courts have expressed concerns as to adequacy when the absolute size of the movant's financial interest is low, reasoning that a lead plaintiff must have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *See Bosch*, 2022 WL 4285377, at *4 (quoting *Plymouth Cnty. Ret. Ass'n v. Innovative Tech., Inc.*, No. 21 Civ. 4390 (VM), 2021 WL 4298191, at *2 (S.D.N.Y. Sept. 21, 2021)). The *Bosch* court found that a loss of $621 on an investment of $2,052 did not satisfy that benchmark. *Id.* at *5. *See also McCormack v. Dingdong (Cayman) Ltd.*, No. 22-CV-7273 (VSB), 2022 WL 17336586, at *5 (S.D.N.Y. Nov. 30, 2022) (finding that an investor with only $504.40 in losses—"a token amount"—would not adequately represent the interests of the class). However, other courts have reasoned that to disqualify moving plaintiffs solely because they have only suffered a modest

5

loss would be "at odds with both the text and the purpose of PSLRA, not to mention one of the main purposes of aggregate litigation itself." *Nayani v. LifeStance Health Grp., Inc.*, No. 22-CV-6833 (JSR), 2022 WL 16985717, at *5 (S.D.N.Y. Nov. 17, 2022).  The *Nayani* court found a moving plaintiff to be adequate to serve as lead plaintiff with a loss of only $385 (38 shares) because, while he had "relatively little at stake, he ha[d] shown his willingness and ability to represent the class in other ways." *Id.* at *6. *See also Lane v. Page*, 250 F.R.D. 634, 646 (D.N.M. 2007) (rejecting an argument that $15,000 (48 shares) was insufficient where the movant had been actively involved in the litigation and in litigation in related state court cases).

Here, Mr. Fanucchi's Declaration attests to his investing experience, his motivation to recover losses experienced by himself and the class, his understanding of the responsibilities of a lead plaintiff, his commitment to working with counsel and attending matters related to the prosecution of this litigation on behalf of the class, and his intention to prosecute this litigation in "an independent and vigorous manner." (ECF No. 10-7).  The court is satisfied that Mr. Fanucchi has made a *prima facie* showing of adequacy.  Accordingly, Mr. Fanucchi is entitled to a presumption that he is the most adequate plaintiff.  Because no evidence has been presented rebutting that presumption, he will be appointed as lead plaintiff in this action.

As the lead plaintiff, Mr. Fanucchi may select lead counsel, "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v). He has selected the law firm Pomerantz LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel to represent the class in the action. During the January 31, 2023, recorded telephone conference, counsel clarified that Cohen Milstein Sellers & Toll PLLC's role as liaison counsel would be akin to that of local counsel. The exhibits submitted in support of these selections amply demonstrate both law firms' experience in prosecuting cases of this nature. (ECF Nos. 10-8, 10-9). Accordingly, Pomerantz LLP will be approved as Lead Counsel, and Cohen Milstein Sellers & Toll PLLC will be approved as Liaison (Local) Counsel.

For the foregoing reasons, the motion for appointment as lead plaintiff and approval as lead counsel will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge