**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| DAVID FAGEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENVIVA INC., JOHN K. KEPPLER, and SHAI S. EVEN,<br><br>Defendants. | Civil Action No. DKC 22-2844<br><br>Hon. Deborah K. Chasanow |

**MEMORANDUM OF LAW IN OPPOSITION**
**TO THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

<u>**Page**</u>

TABLE OF CONTENTS.............................................................................................. i

TABLE OF AUTHORITIES ..................................................................................... iii

INTRODUCTION ......................................................................................................1

ARGUMENT...............................................................................................................2

   I.     APPLICABLE LEGAL STANDARDS ARE SATISFIED ...............................................2

   II.    THE PLAINTIFF HAS ADEQUATELY ALLEGED STANDING

        .............................................................................................................6

   III.   PLAINTIFF'S CLAIMS DO NOT SOUND IN FRAUD ....................................................6

CONCLUSION............................................................................................................8

## TABLE OF AUTHORITIES

*Basic, Inc. v. Levinson*,
  485 U.S. 224 (1988) ...................................................................................................5

*City of Pontiac Gen. Employees' Ret. Sys.*,
  875 F. Supp. 2d 359 (S.D.N.Y. 2012) .........................................................................5

*Constellation Energy Grp., Inc. Sec. Litig.*,
  738 F. Supp. 2d 614 (D. Md. 2010) ............................................................................7

*Cozzarelli v. Inspire Pharms., Inc.*,
  549 F.3d 618 (4th Cir. 2008) ......................................................................................7

*Fecht v. Price Co.*,
  70 F.3d 1078 (9th Cir. 1995) ......................................................................................4

*Fresno Cty. Emps. Ret. Ass'n v. comScore, Inc.*,
  268 F. Supp. 3d 526 (S.D.N.Y. 2017) ......................................................................3, 8

*Herman & Maclean v. Huddleston*,
  459 U.S. 375 (1983)....................................................................................................3

*In re Bank of Am. Corp. Sec., Der., & ERISA Litig.*,
  757 F. Supp. 2d 260 (S.D.N.Y. 2010) .........................................................................8

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) ....................................................................................6

*In re Initial Pub. Offering Sec. Litig.*,
  241 F. Supp. 2d 281 (S.D.N.Y. 2003) .........................................................................6

*In re PEC Sols., Inc. Sec. Litig.*,
  418 F.3d 379 (4th Cir. 2005) ...................................................................................3, 4

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
  351 F. Supp. 2d 334 (D. Md. 2004) ............................................................................7

*In re Under Armour Sec. Litig.*,
  342 F. Supp. 3d 658 (D. Md. 2018)..............................................................................3

*In re USEC Sec. Litig.*, 190 F. Supp. 2d 808 (D. Md. 2002) ........................................3

*In re Willis Towers Watson plc Proxy Litig.*,
    937 F.3d 297 (4th Cir. 2019) ..........................................................................................4

*In re Zonagen, Inc. Sec. Litig.*,
    322 F. Supp. 2d 764 (S.D. Tex. 2003) ..........................................................................5

*Panther Partners Inc. v. Ikanos Communs., Inc.*,
    681 F.3d 114 (2nd Cir. 2012) ........................................................................................3

*Patel v. L-3 Commc'ns Holdings, Inc.*,
    No. 14-CV-6038 (VEC), 2016 U.S. Dist. LEXIS 42978 (S.D.N.Y. Mar. 30, 2016) ...................5

*Recupito v. Prudential Sec., Inc.*,
    112 F. Supp. 2d 449 (D. Md. 2000) ..............................................................................3

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004) ........................................................................................7

*Siracusano v. Matrixx Initiatives, Inc.*,
    585 F.3d 1167 (9th Cir. 2009) ......................................................................................5

Lead Plaintiff Dustin Fanucchi ("Plaintiff"), for his opposition to the Underwriter Defendants' Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Violation of Federal Securities Laws ("Underwriter Br.") (ECF. No. 63-1),[1] states as follows: [2]

## INTRODUCTION

The Complaint alleges that the Underwriter Defendants and Enviva violated Section 11 of the Securities Act by negligently misrepresenting: (i) Enviva's greenhouse gas emissions; (ii) Enviva's efforts to fight climate change, displace coal, and grow trees; (iii) the sustainability of Enviva's wood-harvesting efforts, wood-sourcing and forest management, and omitting disclosure of the most salient practices of Enviva, including using whole trees to make pellets rather than scrap wood. Together, these Defendants sold 4,945,000 shares of Enviva common stock. (the "Offering") pursuant to (i) the registration statement on Form S-3 filed by the Company (File No. 333-262240) dated and filed with the SEC on January 19, 2022 (the "Registration Statement") and (ii) the prospectus dated January 19, 2022 (the "Prospectus") and filed with the SEC on January 19, 2022. ¶¶182, 184. The Underwriter Defendants were each identified as underwriters in the Offering Documents and distributed the offered shares to the public at $70.00 per share. ¶183.

---

[1] Underwriter Defendants are Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., BMO Capital Markets Corp., HSBC Securities (USA) Inc., RBC Capital Markets, LLC, Truist Securities, Inc., Raymond James & Associates, Inc., Loop Capital Markets LLC, and USCA Securities LLC.

[2] Citations to the Complaint (ECF No. 34) are referenced by ¶_. Unless otherwise indicated, this Memorandum incorporates by reference the arguments, abbreviations and/or definitions contained in Plaintiffs' Memorandum in Opposition to the Enviva Defendants' Motion to Dismiss ("Opp. to Enviva MTD") submitted herewith.

The Offering Prospectus incorporated by reference the 2020 10-K, the February 24, 2021 press release, the March 1, 2021 press release, the April 28, 2021 press release, the May 10, 2021 press release, and the July 28, 2021 press release, which were materially false and misleading for the reasons set forth in ¶¶161-165, 168-169, and 172-175.

None of the Underwriter Defendants are alleged to have acted with fraudulent intent. Accordingly, the claims against the Underwriter Defendants do not sound in fraud.  Instead, the Complaint must meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a), which it easily does.  To the extent that Rule 9(b) applied, it would also be satisfied. Furthermore, Plaintiff's allegation of having purchased traceable to the Offering, and his corroborating PSLRA certification, are sufficient to establish standing at this preliminary stage.

The Complaint adequately alleges that Defendants, when raising hundreds of millions of dollars in the Offering, misled investors by disseminating statements and omissions that are rendered materially misleading by virtue of undisclosed material adverse facts. Defendants' misrepresentations, however, were not "generalized statements about Enviva's commitments, goals, or aspirations" as claimed by the Underwriter Defendants.  *See, e.g.,* Underwriter Br. at 2. Rather, the alleged misrepresentations and omissions address concrete, historic and present misrepresentations about environmental practices that were critical to Enviva's operations and, as noted by analysts, address clear violations of industry sustainability standards which undermine. *See* ¶¶5, 202. The materiality of the flagged statements and omissions has been properly alleged.

**ARGUMENT**

**I.    APPLICABLE LEGAL STANDARDS ARE SATISFIED**

A Section 11 claim may be asserted against any person who signed the registration statement and/or served as a director of the issuer or performed similar functions, if the registration

2

statement as of its effective date contained an untrue statement of material fact; omitted to state a required material fact; or omitted to state a material fact necessary to make the statements therein not misleading. *See* 15 U.S.C. §77k(a).

Section 11 of the Securities Act of 1933 imposes liability if "any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading . . . ." *Id.*; *In re Under Armour Sec. Litig.*, 342 F. Supp. 3d 658, 670 (D. Md. 2018). "Section 11 imposes strict liability on issuers and signatories, and negligence liability on underwriters[.]" *See Panther Partners Inc. v. Ikanos Communs., Inc.*, 681 F.3d 114, 120 (2nd Cir. 2012). Under Section 11, "[l]iability against the issuer of a security is virtually absolute, even for innocent misstatements[.]" *Fresno Cty. Emps. Ret. Ass'n v. comScore, Inc.,* 268 F. Supp. 3d 526, 557 (S.D.N.Y. 2017). The burden on the plaintiff is "relatively minimal." *In re USEC Sec. Litig.*, 190 F. Supp. 2d 808, 818 (D. Md. 2002) (citing *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983)). "To establish a prima facie case of liability under [Section 11], a plaintiff need only show that he purchased a security issued pursuant to a registration statement or prospectus containing a material misstatement or omission." *Recupito v. Prudential Sec., Inc.*, 112 F. Supp. 2d 449, 451 (D. Md. 2000).

Materiality assessments are "peculiarly ones for the trier of fact" and cannot be resolved against a plaintiff on a motion to dismiss "unless no reasonable jury could find it substantially likely that a reasonable investor would find the fact at issue material in the total mix of information." *In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d 297, 304 (4th Cir. 2019). An omission is material "if there is a substantial likelihood that a reasonable purchaser [] (1) would consider the fact important in deciding whether to buy or sell the security or (2) would have viewed

3

the total mix of information made available to be significantly altered by disclosure of the fact."
*In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 387 (4th Cir. 2005). Materiality "requires delicate assessments of the inferences a 'reasonable shareholder' would draw from a given set of facts and the significance of those inferences to him." *Fecht v. Price Co.*, 70 F.3d 1078, 1080-81 (9th Cir. 1995). Accordingly,

Here, Defendants violated the 1933 Act by making statements in the Offering Documents that misleadingly omitted material information about the purportedly "green" nature of Enviva's business operations. Plaintiff's Complaint identifies each misrepresentation with particularity, and describes in detail why each statement was materially false or misleading when made. Specifically, the Complaint pleads that the Offering Documents misrepresented information with respect to the following –

- Enviva's alleged efforts to reduce greenhouse gas emissions and/or combat climate change;

- Enviva's sustainability efforts, including, but not limited to, sustainability of wood procurement;

- Enviva's displacement of coal and contribution to the growing of additional trees;

- Enviva's enactment of a "responsible wood supply program"; and

- Enviva's forest management programs, including contract with landowners to sustainably replant forests.

[*See* ¶¶161-165, 168-169, and 172-175.]

As noted above, materiality should not be taken up by the Court at this stage of the litigation. But if the Court chooses to do so, Defendants' statements and omissions about the Company's core product were undeniably material. This is particularly true in light of the fact that Enviva was able to raise gross proceeds of $346 million though the Offering on the basis of those

4

misrepresentations and omissions. ¶187. Given Enviva's reliance on environmental subsidies which hinged on the very matters misrepresented, it cannot be argued that the disclosure of the Company's flagrant greenwashing was so obviously irrelevant to investors that as a matter of law it could not have altered the total mix of information available. *See Basic, Inc. v. Levinson*, 485 U.S. 224, 238 (1988); *see also PEC*, 418 F.3d at 387. And, that the statements involved Enviva's core business also shows materiality. *See, e.g., Siracusano v. Matrixx Initiatives, Inc.*, 585 F.3d 1167, 1179 (9th Cir. 2009) (allegations regarding adverse effects of company's main product were material); *In re Zonagen, Inc. Sec. Litig.*, 322 F. Supp. 2d 764, 774 (S.D. Tex. 2003) (statements regarding patent protection for a company's main products were "clearly material").

Likewise, the significant stock drops of 13.13% and 9.43%, respectively – upon the revelations alleged in the Complaint further demonstrate materiality. ¶¶201, 211; *see Patel v. L-3 Commc'ns Holdings, Inc.*, No. 14-CV-6038 (VEC), 2016 U.S. Dist. LEXIS 42978, at *61-62 (S.D.N.Y. Mar. 30, 2016) (12% stock drop suggested "materiality of misstatements"); *see also City of Pontiac Gen. Employees' Ret. Sys.*, 875 F. Supp. 2d 359, 368-69 (S.D.N.Y. 2012) (finding, among other things, that a 10% stock price drop was indicative of materiality).

Nor are the Offering Document misrepresentations and omissions cured by Underwriter Defendants' reference to the "bespeaks caution" doctrine. *See* Underwriter Br. at 11-12.  First, the referenced cautionary language says nothing about the precise misrepresentations and omissions here – such as the omission that Enviva's product emitted more greenhouse gas than coal, and was derived at least in part from whole trees rather than scrap wood, encouraging deforestation. Moreover, none of the statements or omissions in question were pure expressions of belief, as the Complaint clearly demonstrates. *See* ¶¶164, 174 (describing Enviva's alleged efforts to "fight"

climate change with no qualifications). Thus, the bespeaks caution doctrine does not apply to Enviva's statements incorporated by reference in the Offering Documents.

## II.   PLAINTIFF HAS ADEQUATELY ALLEGED STANDING

General allegations (as here) that a plaintiff purchased "pursuant or traceable to" the subject Offering Documents suffice to allege standing. *See In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*, 876 F. Supp. 2d 616, 658 (D. Md. 2012); *accord In re 2U, Inc.*, Civil Action No. TDC-19-3455, 2021 U.S. Dist. LEXIS 146989, at *90 (D. Md. Aug. 5, 2021) (allegations that plaintiff purchased shares in the offering "is all that is necessary for the claim to proceed."). *See also In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir. 2013) (similar).

Plaintiff has both alleged that he purchased traceable to the Offering during the Offering period and submitted a sworn PSLRA certification (ECF No. 10-6) to the effect that he understood his shares emanated from the Offering. ¶44. Nothing more is required. The Underwriter Defendants' brief, while going into great deal concerning Section 11 standing, does not cite a single case holding that such allegations are insufficient, or that ***evidence*** of standing must be alleged.  *See* Underwriter Br. at 5. Underwriter Defendants will have a full and fair opportunity to address the evidence of standing (including evidence that they believes undermines standing) on a developed record at the class certification stage.

## III.   PLAINTIFF'S CLAIMS DO NOT SOUND IN FRAUD

Defendants ask the Court to require that Plaintiff meet the stricter pleading requirements of Rule 9(b) if the Securities Act claims "sound in fraud." Underwriter Br. at 3. As an initial matter, "nothing in Section 11 requires a plaintiff to prove the defendant committed fraud." *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 338 (S.D.N.Y. 2003). Generally, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) do not apply to a Section 11 claim

6

because it is based in negligence and does not require a showing of scienter. *Constellation Energy Grp., Inc. Sec. Litig.*, 738 F. Supp. 2d 614, 640 n.8 (D. Md. 2010) (citing *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 402 (D. Md. 2004)). In *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 629 (4th Cir. 2008), "sound in fraud" is described as follows: the plaintiffs' allegations are "part of a single, coordinated scheme to defraud investors" and are "exactly the same as plaintiffs' allegations of fraud under the Exchange Act," *i.e.*, the same alleged false statements support the Exchange Act counts, and are specifically alleged elsewhere in the complaint to be fraudulent.

The Complaint's Section 11 allegations do not so allege, and it is therefore not enough for the Underwriter Defendants to point to Plaintiff's Section 10(b) claims to settle the question of whether Rule 9(b) applies. Instead, courts look to examine whether the "wording and imputations of the complaint are classically associated with fraud," and whether the plaintiff has offered "any other [non-fraudulent] basis for the claims." *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004); *see also Cozzarelli*, 549 F.3d at 629 (same). Plaintiff here does not allege his Section 11 claims in the same manner as his Section 10(b) claims, and nowhere alleges scheme liability on the part of Defendants (The Underwriter Defendants' reference to "schemes" in their brief does not describe Enviva's conduct in this litigation, but rather a corrupt variety of green corporate credentialing (*see* Underwriter Br. at 3)).

Plaintiff's Section 11 claims expressly plead strict liability and negligence. *See* ¶227 ("[t]his claim is premised on strict liability under Section 11 of the Securities Act, and does not assert that Defendants acted with fraudulent intent."); ¶230 ("Enviva is strictly liable as an Issuer under the Securities Act for the misrepresentations and omissions it made in the Registration Statement …."); ¶231 ("The Underwriter Defendants are strictly liable under the Securities Act as

7

named underwriters for the misrepresentations and omissions made in the Registration Statement …."); ¶232 (Underwriter Defendants negligently failed to "conduct[ ] a reasonable investigation or possessed a reasonable basis for the belief that the statements contained in the Registration Statement …."). These well-pleaded facts strongly suggest that Enviva's conduct sounded in recklessness, not fraud, and that Rule 8(a) should therefore govern Plaintiff's Section 11 claims.

By contrast, the Underwriter Defendants argue that the Complaint sounds in fraud because the Complaint, in certain places, speaks of Defendants' awareness of what was happening internally at Enviva. *See* Underwriter Br. at 3-4. But if that were enough to rebut Section 11 standing, no plaintiff would be able to assert both a Securities Act and Exchange Act complaint under the same set of facts.  Merely utilizing statutory language (*e.g.*, describing a statement as misleading or an omission as known) does not mean that claim sounds in fraud. *See Fresno*, 268 F. Supp. 3d at 559; *In re Bank of Am. Corp. Sec., Der., & ERISA Litig.*, 757 F. Supp. 2d 260, 321-22 (S.D.N.Y. 2010). But regardless, even if Rule 9(b) is applied to Plaintiff's claims, they will pass muster consistent with his concurrently-submitted Opp. to Enviva MTD at 2, 17-23.

## CONCLUSION

Because the Underwriter Defendants have utterly failed to show any pleading deficiency in Plaintiff's Complaint, their Rule 12(b)(6) motion should be denied in its entirety, and the parties should be directed to commence discovery without further delay.

Dated:  July 3, 2023                                  Respectfully submitted,

**POMERANTZ LLP**

*/s/ Louis C. Ludwig*
Joshua B. Silverman (*pro hac vice*)
Louis C. Ludwig (*pro hac vice*)
Genc Arifi (*pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603

8

Telephone:  (312) 377-1181
Facsimile:   (312) 229-8811
Email:  jbsilverman@pomlaw.com
        lcludwig@pomlaw.com
        garifi@pomlaw.com


**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan Lindenfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:   (212) 661-8665
Email:  jalieberman@pomlaw.com
        ahood@pomlaw.com
        jlindenfeld@pomlaw.com

*Attorneys for Lead Plaintiff*


Daniel S. Sommers (Md. Bar No. 15822)
**COHEN MILSTEIN SELLERS &
   TOLL PLLC**
1100 New York Avenue N.W.
Suite 500, East Tower
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699
Email: dsommers@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff*

**THE PORTNOY LAW FIRM**
Lesley F. Portnoy
1800 Century Park East Suite 600
Los Angeles, California 90067
Telephone:  (310) 692-8883
Email:   lesley@portnoylaw.com

*Additional Attorneys for Lead Plaintiff*

9