**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

|  |  |
|---|---|
| DAVID FAGEN, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>ENVIVA INC., et al.,<br><br>  Defendants. | Civil Action No. DKC 22-2844<br><br>**<u>CLASS ACTION</u>**<br><br>**LEAD PLAINTIFF'S RESPONSE TO ENVIVA INC.'S SUGGESTION OF BANKRUPTCY**<br><br>Hon. Deborah K. Chasanow |

Lead Plaintiff Dustin Fanucchi ("Lead Plaintiff") hereby responds to the Suggestion of Bankruptcy filed by Defendant Enviva Inc. ("Enviva") (ECF No. 74). For the reasons discussed below[1], the stay in the above-captioned litigation (the "Action") referenced in the Suggestion of Bankruptcy applies only to Enviva, and should have no impact in regard to the other Defendants in the Action.[2]

---

[1] While Enviva's Suggestion of Bankruptcy was not formally styled as a motion, it does request action from the Court. Accordingly, Lead Plaintiff files this response to make clear his position with respect to the Suggestion of Bankruptcy. Lead Counsel will be prepared to further discuss any aspect of this topic at the upcoming March 20, 2024, telephone conference.

[2] The Defendants are Enviva; John K. Keppler ("Keppler"), Enviva's Chief Executive Officer; Shai S. Even ("Even"), Enviva's Executive Vice President and Chief Financial Officer; Jennifer Jenkins ("Jenkins"), Enviva's Vice President and Chief Sustainability Officer; Don Calloway ("Calloway"), Enviva's Vice President of Equity, Inclusion and Impact; Michael A. Johnson ("Johnson"), Enviva's Vice President and Chief Accounting Officer; and Jason E. Paral ("Paral"), Enviva's Vice President and Associate General Counsel and Secretary, as well as the following underwriters of Enviva's offering of common stock pursuant to a registration and prospectus dated January 19, 2022: Goldman Sachs & Co. LLC ("Goldman"); J.P. Morgan Securities LLC ("J.P. Morgan"); Barclays Capital Inc. ("Barclays"); BMO Capital Markets Corp. ("BMO"), HSBC Securities (USA) Inc. ("HSBC"); RBC Capital Markets, LLC ("RBC"); Truist Securities, Inc. ("Truist"); Raymond James & Associates, Inc. ("Raymond James"); Loop Capital Markets LLC ("Loop"); and USCA Securities LLC ("USCA"). Keppler, Even, Jenkins, Calloway, Johnson, and Paral are collectively referred to herein as the "Individual Defendants." Goldman, J.P. Morgan, Barclays, BMO, HSBC, RBC, Truist, Raymond James, Loop, and USCA are collectively referred to herein as the "Underwriter Defendants."

1

**INTRODUCTION**

This Action was commenced on behalf of purchasers of Enviva securities seeking to recover damages for violations of the Securities Act of 1933 and the Securities and Exchange Act of 1934. The Court appointed Mr. Fanucci as Lead Plaintiff and approved his section of counsel on January 31, 2023. *See* ECF No. 25. Pursuant to the Court-approved schedule (*see* ECF No. 28), Lead Plaintiff filed an Amended Complaint on April 3, 2023 (*see* ECF No. 34). Enviva, the Individual Defendants, and the Underwriter Defendants all moved to dismiss the Amended Complaint on June 2, 2023. ECF Nos. 62 & 63. Lead Plaintiff filed responses in opposition to Defendants' motions to dismiss on July 3, 2023. ECF Nos. 66 & 67. Briefing on the motion to dismiss concluded on August 1, 2023, when Defendants filed their respective replies. ECF Nos. 70 & 71.

On March 12, 2024, Enviva and certain affiliates (the "Debtors") filed voluntary bankruptcy petitions under Chapter 11 of the United States Bankruptcy Code (the "voluntary petitions") with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). *See* ECF No. 74 at 1. Enviva is the only Debtor that is a party to this Action. The Individual and Underwriter Defendants here are not Debtors in the Bankruptcy.

Citing section 362(a) of the Bankruptcy Code, Enviva's Suggestion of Bankruptcy describes the stay as pertaining only to the Debtors, not non-Debtor Individual Defendants or Underwriter Defendants:

> …. the Debtors' filing of the voluntary petitions operates as a stay, applicable to all entities, of, among other things: ***(a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' chapter 11 cases*** or (ii) to recover a claim against the Debtors that arose before the commencement of the chapter 11 cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' chapter 11 cases; (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates; (d) ***any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of the chapter 11 cases***; and (e) the setoff of any debt owing to the Debtors that arose before the

2

commencement of the chapter 11 cases against any claim against the Debtors.

[*Id.* at 1-2 (emphasis added).]

Enviva's Suggestion of Bankruptcy further states "that continuation of the above-captioned case [i.e., the Action] ***against any of the Debtors,*** including Enviva Inc., is automatically stayed under the Bankruptcy Code." *Id.* at 2 (emphasis added).  On March 14, 2024, the Court scheduled telephone conference with counsel in the Action for March 20, 2024.  ECF No. 75.

## ARGUMENT

### A.     The Bankruptcy Does Not Stay This Case For The Non-Debtor Defendants

Bankruptcy Code §362(a), by its plain language, establishes a stay only as to debtor.  *See* 11 U.S.C. §362(a)(1) (referring to a stay of "judicial…proceedings against the debtor").  Consistent with the text of the statute, the Fourth Circuit has held that a stay under Section 362(a)(1) is generally only available to the debtor, and not to any non-debtor co-defendants.  *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (citing *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-1197 (6th Cir.1983)).  A stay may only be extended by a court to a non-debtor co-defendants only in "unusual" circumstances "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins*, 788 F.2d at 999.

The Fourth Circuit, however, was clear that a stay under Section 362 should ***not*** be expanded to cover non-debtors who are independently liable to the plaintiff, such as where the debtor and the third party are joint tortfeasors or where the third party's liability arises from their own breach of duty.  *See e.g.*, *Variable-Parameter Fixture Development Corp. v. Morpheus Lights,* 945 F.Supp. 603, 608 (S.D.N.Y. 1996) ("The *Robins* court, however, specifically excluded from the 'unusual situation' exception those cases in which the non-bankruptcy co-defendant is

3

'independently liable' to the creditor"); *Holland v. High Power Energy*, 248 B.R. 53, 58 (S.D. W.Va. 2000) (explaining that the "unusual circumstance" exception "does not apply where the third party codefendant has obligations that are independent and primary, not derivative of those of the debtor") (internal quotations omitted).

In the Amended Complaint, Lead Plaintiff expressly alleges that the Individual and Underwriter Defendants are liable based on their own breaches of duty, and not derivatively of Enviva.  *See* ECF No. 34, ¶¶228-229; 231; 239-244; 246-247; 255-260.  Moreover, the voluntary petitions were filed only on behalf of Enviva and affiliated companies, and not the non-Debtor Individual and Underwriter Defendants.  Accordingly, all of the claims against the Individual and Underwriter Defendants remain and are unaffected by the voluntary petitions.  Defendants themselves recognize this limitation on the scope of the Section 362(a): noticeably missing from the Suggestion of Bankruptcy is any assertion that the stay applies to the claims advanced against the Individual or Underwriter Defendants.

Further, the Individual and Underwriter Defendants have not and cannot prove the strict identity necessary to even consider extending a bankruptcy stay under *Robins.*  While Lead Plaintiff assumes that like virtually all corporations, Enviva has some indemnification provisions in its bylaws or articles of incorporation, it also has extensive directors' and officers' (or "D&O") liability insurance policies which it has requested the Bankruptcy Court to maintain, and which the Bankruptcy Court has allowed it to maintain, to cover that obligation.  *See* Exhibit A hereto (listing more than twenty separate D&O-related policies for which Enviva pays millions in premiums each year).  Thus, there is not a shred of evidence suggesting that the Individual Defendants' defense costs and liability will be charged to the bankruptcy estate.

Artificially extending the stay to shield non-debtor officers and directors of the debtor corporation also violates public policy.  Bankruptcy "is not a refuge for nondebtor parties to resist

creditor action against property that is neither property of the estate nor of the Debtor." *See In re Donovan*, No. 06-11183-RS, 2006 Bankr. LEXIS 1694, at *6 (Bankr. D. Mass. Aug. 7, 2006).  For this reason, courts consistently refuse to extend Section 362's automatic stay to non-debtor defendants in securities class actions.  *See In re K-V Pharmaceutical Company Securities Litigation*, 11-cv-01816-AGF (E.D. Mo. Dec. 20, 2012), ECF No. 79 (position of senior executive relative to the company did not constitute the kind of "unusual circumstances" necessary "to extend the stay against the non-bankrupt individual Defendants[.]"); *see also Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 /JCiv. 4650 (JFK), 2014 U.S. Dist. LEXIS 136152, at *5 (S.D.N.Y. Sept. 25, 2014); *In re Colonial BancGroup, Inc.*, No. 2:09cvl04-MHT (WO), 2010 U.S. Dist. LEXIS 1169, at *9-* 15 (M.D. Ala. Jan. 7, 2010); *In re Uni-Marts, LLC*, 404 B.R. 767, 780-782 (Bankr. D. Del. 2009); *In re Sunbeam Secs. Litig.*, 261 B.R. 534, 537 (S.D. Fla. 2001); *Thomson Kernaghan & Co. v. Global Intellicom, Inc.*, No. 99 CIV. 3005 (DLC), No. 99 CIV. 3015 (DLC), 2000 U.S. Dist. LEXIS 6650, at *43- *49 (S.D.N.Y. May 17, 2000).  Moreover, Congress made clear in the Bankruptcy Code that the statute is not intended to shield an individual's liability under the securities laws.  *See* 11 U.S.C. §523(a)(19)(A) (defining such obligations as not dischargeable under bankruptcy).

B.    **The Pending Motion To Dismiss Can Be Decided As Against The Individual And Underwriter Defendants**

The Individual and Underwriter Defendants have filed motions to dismiss that were fully briefed as of August 1, 2023, and are ripe for decision.  *See* ECF Nos. 62-63.  No discovery or other proceedings have occurred because that is not permitted in securities cases during the pendency of a motion to dismiss.  *See* 15 U.S.C. § 78u-4.  Lead Plaintiff acknowledges that a determination of the pending motions to dismiss as to the Individual and Underwriter Defendants shall not in any way bind Enviva, or have any collateral estoppel effect upon it.

Accordingly, the bankruptcy filing does not act to stay or delay the adjudication of the

pending motions as to the Individual and Underwriter Defendants.  Indeed, a significant delay in the prosecution of the Action will likely make it more difficult to deliver the proceeds of any recovery to class members, effectively depriving them of their day in court. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395 n.16 (1977) ("it is 'essential in the administration of our system of justice, that litigants should have their day in court'") (quoting *Am. Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co.*, 3 F.R.D. 162, 164 (S.D.N.Y. 1942)).

## CONCLUSION

For the reasons set forth above, this Action should proceed as against non-Debtor Individual and Underwriter Defendants.

Dated:  March 18, 2024

Respectfully submitted,

/s/ *Louis C. Ludwig*

Joshua B Silverman (*Pro Hac Vice*)
Louis C. Ludwig (*Pro Hac Vice*)
Genc Arifi (*Pro Hac Vice*)
**POMERANTZ LLP**
10 South LaSalle Street, Ste. 3505
Chicago, Illinois 60603
(312) 377-1181 (Telephone)
(312) 229-8811 (Fax)
jbsilverman@pomlaw.com
lcludwig@pomlaw.com
garifi@pomlaw.com

Jeremy A. Lieberman (*Pro Hac Vice*)
J. Alexander Hood II (*Pro Hac Vice*)
**POMERANTZ LLP**
600 3rd Ave.
New York, NY 10016
(212) 661-1100 (Telephone)
(212) 661-8665 (Fax)
jalieberman@pomlaw.com
ahood@pomlaw.com

*Lead Counsel*

6

Daniel S. Sommers (D. Md. Bar No. 15822)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue N.W.
West Tower, Suite 500
Washington, DC 20005
(202) 408-4600 (Telephone)
(202) 408-4699 (Fax)
dsommers@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff*

Lesley F. Portnoy
**THE PORTNOY LAW FIRM**
1800 Century Park East Suite 600
Los Angeles, CA 90067
Phone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, I caused the foregoing to be filed using the Court's CM/ECF System, which in turn sent notice to counsel of record.

Dated: March 18, 2024                           */s/Louis C. Ludwig*

8